# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv74

| | |
|---|---|
| TYRON K. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") terminating Plaintiff's disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 12 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff began receiving Disability Insurance Benefits and Supplemental Security Income after the Commissioner found that he was disabled as of October 1, 2006. (Transcript of Administrative Record ("T.") 41-42.) On February 6,

2009, the Commissioner found that Plaintiff was no longer disabled and terminated his disability benefits. (T. 43-46, 68-74.) Plaintiff requested reconsideration of the decision, which was denied. (T. 76, 90, 95.) A hearing was then held before an Administrative Law Judge ("ALJ"). (T. 31-40.) The ALJ then issued a decision finding that Plaintiff was no longer disabled as of January 1, 2009. (T. 15-24.) Plaintiff requested review of the ALJ's decision (T. 5-6), which was denied by the Appeals Council (T. 1-5). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining a Continuing Disability**

The Commissioner must periodically review whether an individual is entitled to continued benefits and whether there has been medical improvement such that the individual can engage in substantial gainful employment. 20 C.F.R. § 404.1589; 20 C.F.R. § 416.989; 20 C.F.R. § 404.1594; 20 C.F.R. § 416.994. The Commissioner utilizes an eight step process for determining whether an individual is entitled to continued disability insurance benefits, 20 C.F.R. § 404.1594(f), and a seven step process for supplemental security income, 20 C.F.R. § 416.994(b)(5).

**III.    The ALJ's Decision**

In his August 30, 2011, decision the ALJ found that Plaintiff's disability under Section 216(i) and 233(f) of the Social Security Act ended on January 1,

2009. (T. 24.) In addition, the ALJ found that Plaintiff's disability under Section 1614(a)(3)(A) of the Social Security Act ended on January 1, 2009, and Plaintiff had not become disabled again since January 1, 2009. The ALJ made the following specific findings:

    (1)    The most recent favorable medical decision finding that the claimant was disabled is the determination dated January 5, 2007. This is known as the "comparison point decision" or CPD.

    (2)    At the time of the CPD, the claimant had the following medically determinable impairment: a diagnosis of acute fulminant hepatic failure of unknown etiology, which was treated with a liver transplant on November 4, 2006. Related to this impairment, the claimant had aplastic anemia and steroid induced hyperglycemia. These impairments were found to meet section 5.09 of the Medical Listings of 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d) and 416.920(d)), which recognizes disability for 12 months following the date a claimant undergoes surgery for a liver transplant.

    (3)    As of January 1, 2009, the date the claimant's disability ended, the claimant had not engaged in substantial gainful activity (20 C.F.R. 404.1594(f)(1)).

    (4)    The medical evidence establishes that the claimant did not develop any additional impairments after the CPD through January 1, 2009. Thus, the claimant's current impairment is the same as the CPD impairment.

    (5)    Since January 1, 2009, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1525, 404.1526, 416.925 and 416.926).

(6)  Medical improvement occurred as of January 1, 2009 (20 CFR 404.1594(b)(1) and 416.994(b)(1)(i)).

(7)  The medical improvement is related to the ability to work because, as of January 1, 2009, the claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing(s) that was met at the time of the CPD (20 CFR 404.1594(c)(3)(i) and 416.994(b)(2)(iv)(A)).

(8)  Beginning on January 1, 2009, the claimant's impairment has continued to be severe (20 CFR 404.1594(f)(6) and 416.994(b)(5)(v)).

(9)  After careful consideration of the entire record, the undersigned finds that, beginning on January 1, 2009, the claimant has had the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), in that he can lift and carry 20 pounds occasionally and 10 pounds frequently; he can stand, walk and sit, each for 6 hours in an 8-hour workday.  However, the claimant has environmental restrictions to the extent that he must avoid workplace hazards, such as unprotected heights and unguarded moving machinery.  He has postural restrictions, such that he must not climb ladders, scaffolds or ropes and may only occasionally balance, climb stairs, or climb ramps.

(10)  Beginning on January 1, 2009, the claimant has been unable to perform past relevant work (20 CFR 404.1565 and 416.965).

(11)  On January 1, 2009, the claimant was a younger individual age 18-49 (20 CFR 404.1563 and 416.963).

(12)  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(13)  Transferability of job skills is not an issue in this case because

the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

(14) Beginning January 1, 2009, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c), 404.1566, 416.960(c), 416.966).

(15) The claimant's disability ended on January 1, 2009, and the claimant has not become disabled again since that date (20 CFR 404.1494(f)(8) and 416.994(b)(5)(vii)).

(T. 17-23.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is still disabled but, rather, whether the Commissioner's decision that he was no longer disabled as of January 1, 2009, is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V.    Analysis[1]

Plaintiff only sets forth one assignment of error – that the ALJ applied the incorrect legal standard in this case. Specifically, Plaintiff contends that the ALJ erred by not applying a presumption of continuing disability as set forth in Dotson v. Schweiker, 719 F.2d 80 (4th Cir 1983). Plaintiff's argument is without merit.

In Dotson, the United States Court of Appeals for the Fourth Circuit held that an initial determination of disability gives rise to a presumption that the claimant is still disabled, which the Commissioner must rebut with evidence of medical improvement. 719 F.2d at 82. After the Fourth Circuit rendered its decision in Dotson, however, Congress enacted the Social Security Disability Benefits Reform Act of 1984. 42 U.S.C. § 423(f). As the Fourth Circuit subsequently recognized:

> While section 423(f) provides that terminations must be based on

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

substantial evidence of medical improvement, *it does not establish a presumption of continuing disability*. Instead, it provides that such a determination must be made on a neutral basis "without an initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." *Id.*

Rhoten v. Bowen, 854 F.2d 667, 669 (4th Cir. 1988) (emphasis added); see also 42 U.S.C. § 423(f). Thus, the Commissioner was not required to rebut a presumption of continuing disability in determining whether Plaintiff's benefits were subject to termination as the result of medical improvement. 42 U.S.C. § 423(f); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (explaining that Section 423(f) "does not establish a presumption of continuing disability."); Rice v. Shalala, 1 F.3d 1234, 1993 WL 309631, at *3 (4th Cir. 1993) (unpublished) ("The Secretary was thus not required to rebut a presumption of continuing disability.") Accordingly, Plaintiff's argument that the ALJ erred by not requiring the Commissioner to rebut a presumption of continuing disability as set forth in Dotson, is without merit.

The ALJ applied the proper legal standard as set forth in Section 423(f), 20 C.F.R. § 404.1594(f), and 20 C.F.R. § 416.994(b)(5); the ALJ did not commit legal error by failing to apply a presumption of continuing disability. Finally, Plaintiff fails to set forth any argument that the ALJ's decision was not based on substantial evidence in the record. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14] and

**AFFIRM** the Commissioner's decision.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 12], and **AFFIRM** the Commissioner's decision.

Signed: September 30, 2013

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).